AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) Case No. | **EP:25-MJ-5934-LE** |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

**FILED**
October 27, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____aq_____
DEPUTY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the _____ District of _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| | |

This criminal complaint is based on these facts:

☐ Continued on the attached sheet.

Complaint sworn to telephonically on October 27, 2025 at 01:12 PM and signed electronically. **FED.R.CRIM.P. 4.1(b)(2)(A)**

*Complainant's signature*

_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/27/2025

*Judge's signature*

City and state: _____

*Printed name and title*

<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

Your affiant, Kelvyn Valdovinos, first being duly sworn, does hereby depose and state as follows:

1. Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and has been employed in this capacity since May 6, 2024. Your affiant has received specialized training concerning the investigation and enforcement of federal firearms violations and has conducted numerous investigations involving individuals engaged in illegal firearms activities. Prior to your affiant's employment with the ATF, your affiant served as a Border Patrol Agent with Customs and Border Protection for nearly four years, including a year as a member of the El Centro Border Patrol Sector Intelligence Unit, where your affiant investigated various federal and California state violent crimes and received extensive surveillance training. Your affiant possesses law enforcement training and experience in firearm trafficking, drug trafficking, methods of drug consumption, and the communication methods and slang utilized in the trafficking of drugs and firearms. This statement is made based on your affiant's own investigation, review of records, interviews with the suspect, and information provided by other law enforcement officers to your affiant. This affidavit is submitted solely for the purpose of securing an arrest warrant and does not encompass all information known to your affiant regarding this investigation.

2. Title 18, United States Code, Section 922(a)(6) states: "for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter."

**Probable Cause**

3. On October 24, 2025, your affiant was conducting an unrelated investigative activity at a known and established federal firearms licensee (FFL) located in El Paso, Texas, within the Western District of Texas. While at the FFL, ATF agents observed a vehicle bearing Mexican license plates, from which a young female, Ashanthy Maciel MERAZ FLORES, who had just turned 21 approximately one month ago, exited from the driver's seat and entered the FFL. Your affiant entered the FFL and overheard MERAZ FLORES inquiring about a Glock 43 pistol while simultaneously observing her typing on her phone. The employee informed MERAZ FLORES that the firearm would need

to be ordered. MERAZ FLORES subsequently opted not to proceed with the transaction and exited the FFL.

4. ATF agents learned MERAZ FLORES had crossed into the U.S. from Mexico through the Ysleta Port of Entry approximately 30 minutes prior to arriving at the FFL. ATF Agents continued surveillance of MERAZ FLORES, ultimately following her to another known and established FFL in El Paso, Texas. Your affiant entered this FFL and observed MERAZ FLORES inquiring about several handguns and continuing to type on her phone. Your affiant witnessed MERAZ FLORES purchase a Glock 42 and complete the ATF Form 4473. While awaiting the clearance of her background check for the firearm, MERAZ FLORES continued texting and instructed the FFL employee to add a Glock 43X to her purchase. MERAZ FLORES also advised the employee this was her first time purchasing firearms. When asked if she would like any ammunition for the firearms, MERAZ FLORES declined. MERAZ FLORES paid cash for the firearms, the transaction was completed, and MERAZ FLORES exited the FFL with two firearms.

5. While observing MERAZ FLORES and conducting law enforcement database queries, ATF Agents observed several firearm trafficking indicators. Which led them to believe MERAZ FLORES was straw purchasing firearms and conspiring to do so during the transactions.

6. ATF agents approached MERAZ FLORES as she was walking toward her vehicle and engaged her in conversation regarding the firearms she had just purchased. During this interaction, MERAZ FLORES admitted that she was buying the firearms for her eighteen-year-old brother, who resides in Mexico, and that she would be paid $500.00 for the two firearms. She further explained that the firearms were to be delivered to the Fox Plaza shopping center in El Paso County, where they would subsequently be transported into Ciudad Juárez, Mexico.

7. ATF agents requested consent to review MERAZ FLORES's phone conversation with her brother, which she granted. The agents observed direct messages on Instagram indicating that MERAZ FLORES was being instructed by an individual throughout the purchasing process, from when she crossed the port of entry into the United States until her arrest. This individual provided instructions on which FFLs to visit, the firearms to purchase, and the location for the meeting following the transactions.

8. Your affiant reviewed the firearm transaction record, ATF 4473 Form completed by MERAZ FLORES. In section B, question 21a, states: "Are you the actual transferee/buyer of all of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.A)? **Warning: You are not the actual transferee/buyer if you are acquiring any of the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s)**

**to you…"** MERAZ FLORES checked "Yes," meaning the firearms were for her, which was ultimately found to be a lie, since MERAZ FLORES had previously stated to your affiant that the firearms were meant for her brother.

9. Your affiant has consulted with an ATF Interstate Nexus Expert who has advised your affiant that all firearms involved in this case have traveled in or affected interstate and/or foreign commerce.

10. In light of the foregoing, your affiant submits that probable cause exists to arrest Ashanthy Maciel MERAZ FLORES for violations of Title 18, United States Code, Section 922(a)(6).